UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRITO-LAY NORTH AMERICA, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| MEDALLION FOODS, INC. and RALCORP HOLDINGS, INC., | § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF FRITO-LAY NORTH AMERICA, INC.'S COMPLAINT
AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS**

Plaintiff Frito-Lay North America, Inc. ("Frito-Lay") files this complaint against Defendants Medallion Foods, Inc. ("Medallion Foods") and Ralcorp Holdings, Inc. ("Ralcorp") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, trade dress infringement, unfair competition and dilution under the United States Trademark (Lanham) Act, 15 U.S.C. § 1051, et seq. (as amended); for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*; for trademark dilution under Texas Business and Commerce Code § 16.29; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.     This lawsuit is brought to stop Defendants from infringing Frito-Lay's valuable trademarks, trade dress, and patents relating to its unique TOSTITOS® SCOOPS!® tortilla chips. Frito-Lay has invested significantly in this product and it has enjoyed widespread consumer acceptance and success. Defendants' bowl-shaped tortilla chips and accompanying package are an apparent intentional effort to imitate the famous, successful mark and packaging

of Frito-Lay's TOSTITOS SCOOPS! tortilla chips. Despite Frito-Lay's request, Defendants have not stopped manufacturing and selling their copycat chips. Their infringement of Frito-Lay's intellectual property rights harms Frito-Lay as well as Frito-Lay customers who may be confused and deceived by Defendants' products. Frito-Lay seeks intervention of this Court to stop Defendants from continuing their knock-off strategy.

## PARTIES

3. Frito-Lay is a Delaware corporation having a place of business at 7701 Legacy Drive, Plano, Texas 75024.

4. On information and belief, Medallion Foods is an Arkansas corporation with its principal place of business at 3636 Medallion Avenue, Newport, Arkansas 72112. Medallion Foods may be served by forwarding citation to its registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 77201.

5. On information and belief, Ralcorp is a Missouri corporation with its principal place of business at 600 Market Street, St. Louis, Missouri 63101. Ralcorp may be served by forwarding citation to its registered agent, CT Corporation Systems, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

7. This Court has personal jurisdiction over Defendants because Defendants are committing tortious acts within this State by, among other things, using infringing marks in connection with their manufacture, distribution, and sale of bowl-shaped tortilla chip products;

have caused injury to Frito-Lay within this State; and the events giving rise to this Complaint have occurred in this State and had effects in the State and District.

8.      Venue is proper under 28 U.S.C. §§ 1391 and 1400 in that Defendants are deemed to reside in this District, and a substantial part of the events or omissions giving rise to the claims asserted herein arose in this District.

### FRITO-LAY'S TOSTITOS SCOOPS! MARKS AND TRADE DRESS

9.      Frito-Lay, through its predecessors in interest and title, and through its related companies, divisions and/or licensees, has been engaged in the manufacture and sale of snack foods for over fifty years and is one of the leading manufacturers of snack foods in the United States.

10.     Frito-Lay has used the marks TOSTITOS SCOOPS! and the unique product design of the TOSTITOS SCOOPS! tortilla chip (the "TOSTITOS SCOOPS Design") (collectively, the "TOSTITOS SCOOPS! Marks") since at least as early as 2001.  The image below is from Frito-Lay's federally registered trademark U.S. Reg. 2,766,278; it is a trademark for the multi-sided, bowl-shaped design of the TOSTITOS SCOOPS! tortilla chip.



11.     Frito-Lay has further adopted and uses a distinctive trade dress for its TOSTITOS SCOOPS! tortilla chips (the "TOSTITOS SCOOPS! Trade Dress"), incorporating a distinctive combination of elements, including the trademark TOSTITOS in thick black font with a white shadow superimposed over a dark yellow shield-like design, a clear panel beneath the

TOSTITOS logo that showcases the unique bowl-shaped tortilla chip, which is also a trademark, a bowl of red salsa beneath the clear panel, and blue as the dominant color.

12. For over a decade, TOSTITOS SCOOPS! Marks have been identified with Frito-Lay's tortilla chips and both the TOSTITOS SCOOPS! Marks and TOSTITOS SCOOPS Trade Dress have appeared on a tremendous amount of product packaging, advertising, national television commercials, in-store display racks, and point-of-purchase material.

13. Frito-Lay's TOSTITOS SCOOPS Design has acquired distinctiveness through extensive use and tremendous commercial success, and the other TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress are inherently distinctive, serving to identify and indicate the source of Frito-Lay's products to the consuming public, and to distinguish Frito-Lay's products and services from those of others.

14. In accordance with the provisions of federal law, Frito-Lay owns several registrations for the TOSTITOS SCOOPS! Marks on the Principal Register of the United States Patent and Trademark Office, including the following:

| Mark | U.S. Reg. No. (Filing Date) | 1st Use in Commerce | Goods/Services |
|---|---|---|---|
| Bowl-shaped configuration of the goods | 2,766,278 (2/20/2002) | April 30, 2001 | Corn-based snack foods, namely, tortilla chips, in Class 30 (U.S. Cl. 46) |
| SCOOPS! | 2,607,988 (9/23/1999) | April 30, 2001 | Corn-based snack foods, namely, tortilla chips, in Class 30 (U.S. Cl. 46) |
| Tostitos (stylized word mark and design) | 3,030,726 (8/13/2004) | October 1, 2004 | Corn-based snack foods, namely, tortilla chips, in Class 30 (U.S. Cl. 46) |
| Tostitos (stylized word mark and design) | 2,728,067 (3/18/2002) | March 2002 | Corn-based snack foods, namely, tortilla chips; picante sauce; salsa, in Class 30 (U.S. CL. 46) |

These registrations were duly and legally issued, are presently valid and subsisting, and Frito-Lay owns all right, title and interest to said registrations.  Each of the registrations is incontestable pursuant to 15 U.S.C. § 1065.  Copies of these registrations are attached as Exhibit A to this Complaint.

### PROMOTION OF FRITO-LAY'S TOSTITOS SCOOPS! MARKS AND TRADE DRESS

15. As noted, TOSTITOS SCOOPS! tortilla chips are marketed and sold in large quantities in the United States, supported by advertising and promotion each year.  Over the last five years, Frito-Lay has spent millions of dollars advertising its TOSTITOS brand, of which the TOSTITOS SCOOPS! products are an integral component, across the nation.

16. TOSTITOS SCOOPS! tortilla chips are an important component of the TOSTITOS brand, representing a valuable piece of the TOSTITOS portfolio.  Frito-Lay sells tens of millions of dollars per year of TOSTITOS SCOOPS! tortilla chips.  TOSTITOS SCOOPS! tortilla chips are sold in almost every supermarket in the United States, as well as in numerous convenience stores, mass merchandise stores, and other outlets.

17. As a result of Frito-Lay's long, extensive, widespread, and substantially exclusive use of the TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress and the extensive consumer exposure to Frito-Lay's quality products and services, Frito-Lay has developed significant and valuable goodwill in each of  the TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress.

18. By virtue of their tremendous sales success, and extensive and popular advertising and promotional efforts, the products sold under the TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress enjoy an extremely favorable reputation among the trade and

consumers as identifying high-quality food products manufactured and sold exclusively by Frito-Lay.

19. Frito-Lay has acquired valuable common-law rights in the TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress throughout the United States, including Texas.

20. Consumers have come to associate each of the TOSTITOS SCOOPS! Marks and the TOSTITOS SCOOPS! Trade Dress uniquely with Frito-Lay and its goods and services.

## FRITO-LAY'S PATENTS

21. In addition to its trademark and trade dress rights, Frito-Lay owns patents on various processes and systems used to manufacture its unique bowl-shaped tortilla chip, including U.S. Patent Nos. 6,610,344 (the "'344 Patent"), which was duly and legally issued on August 26, 2003; 6,592,923 (the "'923 Patent"), which was duly and legally issued on July 15, 2003; and 6,638,553 (the "'553 Patent"), which was duly and legally issued on October 28, 2003; as well as U.S. Design Patent No. 459,853 (the "'853 Patent") (collectively, the "Patents-in-Suit"), which was duly and legally issued on July 2, 2002.  Copies of the Patents-in-Suit are attached hereto as Exhibit B.

## DEFENDANTS AND THEIR ACTIVITIES

22. More than a decade after Frito-Lay began selling its popular TOSTITOS SCOOPS! tortilla chips, Defendants began selling a copycat line of tortilla chips, using a product design and trade dress that are confusingly similar to the TOSTITOS SCOOPS! design and the TOSTITOS SCOOPS! trade Dress ("Defendants' Design and Trade Dress," shown below).

23. In the image below, TOSTITOS SCOOPS! tortilla chips are on the left, and Defendants' infringing tortilla chips are on the right.



And in the following images, the TOSTITOS SCOOPS! tortilla chips package is on the left, and Defendants' infringing package of tortilla chips is on the right.

 

24. Defendants are trading off Frito-Lay's proprietary TOSTITOS SCOOPS! Design and usurping virtually every element of Frito-Lay's TOSTITOS SCOOPS! Trade Dress. Like Frito-Lay, Defendants' tortilla chip has a multi-sided bowl-shaped design. No other competitive tortilla chip is as similarly designed. On both packages, the lettering at the top of the package is black and thick with a white shadow and is superimposed over a dark yellow shield-like design; plus, each combination of mark and shield features orange accents. Below, in the middle of each bag, is a clear panel showing the multi-sided bowl-shaped white corn tortilla chips. Below the panel, on the bottom third of each package, is a bowl of red salsa that spans almost the entire width of the bag. Further, the packaging for both products is dominated by the color blue.

25. On information and belief, Defendants' tortilla chips are sold not only through the same retail outlets and stores as Frito-Lay's products but in the same aisles and on the same shelves at a similar price point of only a few dollars each.

26. Defendants' use of Defendants' Design and Trade Dress is in commerce and without the permission or authority of Frito-Lay.

## DEFENDANTS' ACTIVITIES ARE CAUSING DAMAGE TO FRITO-LAY AND THE CONSUMING PUBLIC

27. Defendants' unauthorized use of Defendants' Design and Trade Dress is likely to cause confusion, to cause mistake, or to deceive consumers and potential customers of the parties, at least as to the affiliation, connection, or association of Defendants with Frito-Lay and/or its TOSTITOS SCOOPS! Design and the TOSTITOS SCOOPS! Trade Dress, or as to the origin, sponsorship, or approval of Defendants' products by Frito-Lay.

28. Defendants' unauthorized use of Defendants' Design and Trade Dress falsely indicates to the purchasing public that Defendants, their business, and/or their goods and services originate with Frito-Lay, or are affiliated, connected, or associated with Frito-Lay, or are

sponsored, endorsed, or approved by Frito-Lay, or are in some manner related to Frito-Lay and/or its TOSTITOS SCOOPS! Design and Trade Dress, when there is no connection whatsoever.

29. Defendants' unauthorized use of Defendants' Design and Trade Dress falsely designates the origin of Defendants' products, and falsely and misleadingly describes and represents facts with respect to Defendants and their products.

30. Defendants' unauthorized use of Defendants' Design and Trade Dress is likely to dilute the distinctive quality of Frito-Lay's TOSTITOS SCOOPS! Design and Trade Dress.

31. Defendants' unauthorized use of Defendants' Design and Trade Dress enables them to trade on and receive the benefit of goodwill built up at great labor and expense over many years by Frito-Lay, and to gain acceptance for their goods not solely on their own merits, but on the reputation and goodwill of Frito-Lay and its TOSTITOS SCOOPS! Design and Trade Dress.

32. Defendants have been and continue to be unjustly enriched by obtaining a benefit from and taking undue advantage of Frito-Lay and its goodwill.  Specifically, Defendants have unfairly competed against and taken undue advantage of Frito-Lay by trading on and profiting from the goodwill in the TOSTITOS SCOOPS! Design and Trade Dress developed and owned by Frito-Lay, resulting in Defendants' wrongfully obtaining a monetary and reputational benefit for their own business and products.

33. Defendants' unauthorized use of Defendants' Design and Trade Dress removes from Frito-Lay the ability to control the nature and quality of products provided under its own TOSTITOS SCOOPS! Design and Trade Dress, and places the valuable reputation and goodwill of Frito-Lay in the hands of Defendants, over which Frito-Lay has no control.

34. Unless restrained by this Court, these acts of Defendants will continue, and they will continue to cause irreparable injury to Frito-Lay and to the public for which there is no adequate remedy at law.

## COUNT 1: FEDERAL TRADEMARK INFRINGEMENT

35. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

36. The acts of Defendants complained of herein constitute infringement of Frito-Lay's federally registered TOSTITOS SCOOPS! Design in violation of 15 U.S.C. § 1114.

37. On information and belief, Defendants are imitating the TOSTITOS SCOOPS! Design with full knowledge of Frito-Lay's rights, and in bad faith with a willful and deliberate intent to trade on the vast goodwill in Frito-Lay's TOSTITOS SCOOPS! Design. In view of the willful nature of Defendants' activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

38. Defendants' conduct has caused and is causing irreparable injury to Frito-Lay and, unless enjoined by this Court, will continue both to damage Frito-Lay and to deceive the public. Frito-Lay has no adequate remedy at law.

## COUNT TWO: TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

39. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

40. The acts of Defendants complained of herein constitute trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

41. Frito-Lay has been damaged by Defendants' acts of infringement and unfair competition.

42. On information and belief, Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

43. Defendants' conduct has caused and is causing irreparable injury to Frito-Lay and, unless enjoined by this Court, will continue both to damage Frito-Lay and to deceive the public. Frito-Lay has no adequate remedy at law.

## COUNT THREE: FEDERAL TRADEMARK DILUTION

44. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

45. As a result of extensive promotion and use of the TOSTITOS SCOOPS! Design by Frito-Lay for many years, the TOSTITOS SCOOPS! Design is famous throughout the United States, highly distinctive of Frito-Lay's goods, and uniquely and exclusively associated with Frito-Lay. The TOSTITOS SCOOPS! Design became famous long before Defendants commenced their unauthorized use of the TOSTITOS SCOOPS! Design as described herein.

46. The acts of Defendants complained of herein constitute a likelihood of dilution of the distinctive quality of the TOSTITOS SCOOPS! Design in violation of 15 U.S.C. § 1125(c).

47. Defendants' conduct has caused and is causing irreparable injury to Frito-Lay and, unless enjoined by this Court, will continue both to damage Frito-Lay and to deceive the public. Frito-Lay has no adequate remedy at law.

## COUNT FOUR: PATENT INFRINGEMENT – '344 PATENT

48. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

49. On information and belief, Defendants have made and used and continue to make and use processes for manufacturing bowl-shaped tortilla chips that infringe one or more claims of the '344 Patent either literally or under the doctrine of equivalents.

50. Defendants are liable for infringing the '344 Patent under 35 U.S.C. § 271.

51. The infringement of the '344 Patent by Defendants has injured and damaged Frito-Lay, and will continue to cause Frito-Lay harm unless enjoined by this Court.

### COUNT FIVE: PATENT INFRINGEMENT – '923 PATENT

52. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

53. On information and belief, Defendants have made and used and continue to make and use systems and methods for manufacturing bowl-shaped tortilla chips that infringe one or more claims of the '923 Patent either literally or under the doctrine of equivalents.

54. Defendants are liable for infringing the '923 Patent under 35 U.S.C. § 271.

55. The infringement of the '923 Patent by Defendants has injured and damaged Frito-Lay, and will continue to cause Frito-Lay harm unless enjoined by this Court.

### COUNT SIX: PATENT INFRINGEMENT – '553 PATENT

56. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

57. On information and belief, Defendants have made and used and continue to make and use systems and methods for manufacturing bowl-shaped tortilla chips that infringe one or more claims of the '553 Patent either literally or under the doctrine of equivalents.

58. Defendants are liable for infringing the '553 Patent under 35 U.S.C. § 271.

**PLAINTIFF FRITO-LAY NORTH AMERICA, INC.'S COMPLAINT**          Page 12 of 18
**AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS**

59. The infringement of the '553 Patent by Defendants has injured and damaged Frito-Lay, and will continue to cause Frito-Lay harm unless enjoined by this Court.

### COUNT SEVEN: PATENT INFRINGEMENT – '853 PATENT

60. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

61. On information and belief, Defendants have manufactured and/or used and continue to manufacture and/or use products that infringe one or more claims of the '853 Patent either literally or under the doctrine of equivalents by making bowl-shaped tortilla chips.

62. Defendants are liable for infringing the '853 Patent under 35 U.S.C. § 271.

63. The infringement of the '853 Patent by Defendants has injured and damaged Frito-Lay, and will continue to cause Frito-Lay harm unless enjoined by this Court.

### COUNT EIGHT: COMMON LAW TRADEMARK INFRINGEMENT

64. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

65. The acts of Defendants complained of herein constitute trademark infringement under the common law of Texas.

66. Defendants' conduct has caused and is causing irreparable injury to Frito-Lay and, unless enjoined by this Court, will continue both to damage Frito-Lay and to deceive the public. Frito-Lay has no adequate remedy at law.

### COUNT NINE: COMMON LAW UNFAIR COMPETITION

67. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

68. The acts of Defendants complained of herein constitute unfair competition under the common law of Texas.

69. Defendants' conduct has caused and is causing irreparable injury to Frito-Lay and, unless enjoined by this Court, will continue both to damage Frito-Lay and to deceive the public. Frito-Lay has no adequate remedy at law.

### COUNT TEN: TRADEMARK DILUTION UNDER TEXAS STATE LAW

70. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

71. The TOSTITOS SCOOPS! Design and Trade Dress are inherently distinctive and/or have acquired distinctiveness as a result of Frito-Lay's extensive promotion and use.

72. Defendants' conduct alleged herein is likely to dilute, blur and/or tarnish the distinctive qualities of the TOSTITOS SCOOPS! Design and Trade Dress in violation of Section 16.29 of the Business and Commerce Code of the State of Texas.

73. Defendants' conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

### COUNT ELEVEN: UNJUST ENRICHMENT

74. Frito-Lay realleges and incorporates by reference the foregoing allegations as though fully set forth here.

75. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Frito-Lay's expense.

## **PRELIMINARY INJUNCTION**

76. Frito-Lay asks the Court to enter a preliminary injunction to prevent further irreparable injury to Frito-Lay pending final resolution of this lawsuit, at which time a permanent injunction will be warranted by the facts stated above. Frito-Lay will file a separate motion asking the Court to enjoin Defendants from using Defendants' Design and Trade Dress or any other mark and trade dress that is confusingly similar to Frito-Lay's TOSTITOS SCOOPS! Design and Trade Dress in connection with the promotion, advertising, manufacture, distribution, offering for sale, or sale of any tortilla chips, including any further manufacture, sale, or distribution of BOWLZ tortilla chips.

77. Frito-Lay has alleged causes of action of trademark infringement and trade dress infringement against Defendants, and as indicated in this Complaint, Frito-Lay has a probable right of recovery and likelihood of suceeding on the merits. Frito-Lay will suffer irreparable harm without Court intervention and for which there is no adequate remedy at law.

78. As a direct and proximate result of Defendants' wrongful actions in this Complaint, Frito-Lay will suffer injury that will be irreparable and for which no remedy at law exists without the protections of injunctive relief. Frito-Lay is willing to post the necessary reasonable bond to facilitate the injunctive relief requested.

79. Wrongful, damaging conduct has occurred and will continue to occur if not enjoined. On information and belief, Defendants are intent on exploiting Frito-Lay's TOSTITOS SCOOPS! Design and Trade Dress in violation of governing trademark law and must be restrained from doing so.

80. The public interest is served by an injunction as it protects against the confusion and deception of consumers, as described above, and it protects the substantial investment made by Frito-Lay in creating and preserving its TOSTITOS SCOOPS! Design and Trade Dress.

**REQUESTED RELIEF AND REQUEST FOR PERMANENT INJUNCTION**

Frito-Lay requests the following relief:

A. That Defendants and Defendants' officers, agents, servants, attorneys, employees, any companies owned or controlled by Defendant, and their affiliates, successors and assigns, and all of those in active concert or participation with any of them who receive notice directly or otherwise, be preliminarily and permanently enjoined and restrained from using or seeking to register any mark that is confusingly similar to the TOSTITOS SCOOPS! Design and Trade Dress, or any other symbols or indicia associated with Frito-Lay and/or confusingly similar to the TOSTITOS SCOOPS! Design and Trade Dress, or likely to dilute the distinctiveness thereof, or any copies, simulations, variations, mutilated versions, or colorable imitations thereof (all of the foregoing, "Prohibited Designations"), as, or as part of, a trademark, service mark, trade name, business name, fictitious business name, or other identifier, or otherwise presenting such Prohibited Designations to the public or trade, including any further manufacture, sale, or distribution of BOWLZ tortilla chips;

B. That Defendants be ordered to file with the Court and serve upon Frito-Lay's counsel within thirty (30) days after entry and service on Defendants of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction;

C. That Frito-Lay recover all damages to which it is entitled as a result of Defendants' activities;

D. An equitable accounting be directed to determine Defendants' profits resulting from their infringement and other activities complained of herein, and that such profits be paid over to Frito-Lay, increased as the Court finds to be just under the circumstances of this case;

E. That Frito-Lay's damages be enhanced and that the Court find that this is an exceptional case;

F. That Frito-Lay recover its reasonable attorneys' fees;

G. That Frito-Lay recover the costs of this action, and pre- and post-judgment interest; and

H. That Frito-Lay be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Frito-Lay demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

/s/ Timothy S. Durst
Timothy S. Durst
State Bar No. 00786924
tim.durst@bakerbotts.com
Susan Cannon Kennedy
State Bar No. 24051663
susan.kennedy@bakerbotts.com
Jonathan R. Mureen
State Bar No. 24060313
jon.mureen@bakerbotts.com
Baker Botts L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: 214-953-6500
Facsimile: 214-953-6503

**ATTORNEYS FOR PLAINTIFF**
**FRITO-LAY NORTH AMERICA, INC.**