# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FRITO-LAY NORTH AMERICA, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12cv74 |
| | § | (Judge Mazzant) |
| MEDALLION FOODS, INC. and | § | |
| RALCORP HOLDINGS, INC. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART FRITO-LAY'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' SALE OR PUBLIC USE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Pending before the Court is Frito-Lay's Motion for Summary Judgment on Defendants' Sale or Public Use Affirmative Defenses and Counterclaims (Dkt. #129). Having considered the relevant pleadings, the Court finds Plaintiff's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff brings this lawsuit against Defendants alleging claims of trademark infringement, trade dress infringement, unfair competition, and dilution under the United States Trademark Act; for willful patent infringement under the patent laws of the United States; for trademark dilution under Texas Business and Commerce Code § 16.29; for trademark infringement, misappropriation of trade secrets, unfair competition by simulation of appearance of goods, misappropriation of time, labor, skill, and money, and unjust enrichment under common law; and for misappropriation of trade secrets in violation of Texas Civil Practice and Remedies Code § 134.002(2) (Dkt. #90, ¶ 1).

On October 4, 2012, Plaintiff filed its motion for summary judgment on Defendants sale or public use affirmative defenses and counterclaims (Dkt. #129). Plaintiff contends that it is entitled to summary judgment because Defendants failed to produce clear and convincing

1

evidence that the chip sold by Frito-Lay in a test market had fluted edges, and all testing of a bowl-shaped chip with fluted edges occurred under confidentiality agreements. *Id*. On October 22, 2012, Defendants filed their response and request for relief under Federal Rule of Civil Procedure 56(d) (Dkt. #148, #149, #150, #151, #152, #153). Plaintiff filed its reply on November 2, 2012 (Dkt. #160). On November 13, 2012, Defendants filed their sur-reply (Dkt. #171). Plaintiff filed a sur-reply to Defendants' motion under Rule 56(d) on November 21, 2012 (Dkt. #178).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th

Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff contends that it is entitled to summary judgment on Defendants' Affirmative Defense 18 and Counterclaim 12, and for partial summary judgment on Defendants' Affirmative Defense 11 and Counterclaim 4. Defendants assert that Plaintiff's patent is invalid under 35 U.S.C. § 102(b), which provides that a person is entitled to a patent unless "the invention… was in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." Plaintiff argues that Defendants' invalidity defense and counterclaim based on sale or public use of the invention prior to October 9, 2000, fails because there was no sale of a chip with fluted edges and Plaintiff's confidential market testing is not sufficient to constitute public use.

Both parties acknowledge that in 1997, Plaintiff tested a bowl-shaped tortilla chip made using the form-fry process that was the subject of a prior patent referred to by the parties as the "Fink patent." Plaintiff describes these chips as a smooth chip with no fluted edges. "It looked like a snow saucer, sled, a contact lens, a smooth bowl" (Dkt. #129 at 3 (quoting Ex. A

Deposition of Dr. Williams at 79:7-8)). Defendants dispute this characterization of the bowl-shaped tortilla chips sold in 1997. Defendants contend that Plaintiff's own documents describe the chips as having a fluted edge. Further, Defendants assert that a bag of "Fink chips" provided by Plaintiff contains several chips with points or fluted edges (Dkt. #171 at 4).

The Court recognizes that "application of the on-sale bar is a question of law." *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1045 (Fed. Cir. 2001). However, the Court finds that there are several remaining issues of fact on this issue. First, the presence of the "Fink" chips and photographs reveals the existence of at least one fluted edge on some of the chips. In addition, Plaintiff's internal documents reveal that the chips had "1 flute." Plaintiff asserts that this is a manufacturing defect in the chips; however, it is impossible for the Court to determine from the record before it whether this was in fact a manufacturing defect, or the intended result of the manufacturing process. The Court must refrain from making any credibility determinations or weighing the evidence. *See Turner,* 476 F.3d at 343. Therefore, the Court finds that Plaintiff's motion for summary judgment on this ground should be denied.

Whether or not an invention was in public use is a question of law based on underlying facts. *In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994); *Tone Brothers, Inc. v. Sysco Corp.*, 28 F.3d 1192, 1197 n.3 (Fed. Cir. 1994). "An invention is in public use if it is shown to or used by an individual other than the inventor under no limitation or restriction, or obligation of confidentiality." *American Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1267 (Fed. Cir. 2008). Courts may also consider the following:

> the nature of the activity that occurred in public; the public access to and knowledge of the public use; whether there was any confidentiality obligation imposed on persons who observed the use; and commercial exploitation.

*Invitrogen Corp. v. Biocrest Manufacturing*, 424 F.3d 1374, 1380 (Fed. Cir. 2005).

4

"The party asserting the public use bar has the initial burden of showing by clear and convincing evidence facts which support the existence of a public use within the meaning of section 102(b)." *Tone Brothers*, 28 F.3d at 1197 n.4. Defendants assert that they have "offered documentary evidence of numerous occasions on which Frito-Lay caused a bowl-shaped chip with fluted edges to be used by members of the public prior to the critical date" (Dkt. #148 at 7). In support of the contention, Defendants cite the Court to a portion of Plaintiff's motion for summary judgment demonstrating that there was no public use and all testing was done under confidentiality obligations. In fact, Defendants merely contend that Plaintiff does not have sufficient evidence to show that all testing was done under confidentiality agreements. However, the burden is on Defendants to show by clear and convincing evidence facts that support the existence of a public use. The Court finds that Defendants are unable to provide such evidence. It appears that Defendants have abandoned this argument in their reply, since they make no argument in response to Plaintiff's response brief (*See* Dkt. #171). The evidence before the Court provided by Plaintiff indicates that the testing did occur in public to individuals that were subject to a confidentiality agreement. There is no indication that these tortilla chips were used in public without the presence of the confidentiality agreement, and there is no indication that any individuals violated the confidentiality agreements that they signed. Therefore, the Court finds Plaintiff's motion for summary judgment should be granted on this ground.

Defendants also request relief under Federal Rule of Civil Procedure 56(d), which provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)

issue any other appropriate order." Defendants assert that there is pending discovery in this case that is relevant to the issues contained in Plaintiff's summary judgment motion.

"A request to stay summary judgment under Rule 56[d] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotations omitted). Defendants have not shown that any specific facts probably exist that would determine that the tested chips were in public use. Plaintiff indicates that since it filed its motion for summary judgment, both of the third parties involved in the testing produced their documents and none of the documents produced provides any evidence that the testing was public (Dkt. #160 at 7 n.9). Plaintiff asserts that all evidence obtained from these third parties corroborates the fact that the testing was performed under a confidentiality obligation. In any event, the scheduling order reflects that fact discovery was completed on December 4, 2012 (Dkt. #77).

Because Defendants failed to show any specific facts exist that would determine the testing was public, the Court finds that Defendants' request for relief under Rule 56(d) is denied.

## CONCLUSION

Based on the foregoing, the Court finds Frito-Lay's Motion for Summary Judgment on Defendants' Sale or Public Use Affirmative Defenses and Counterclaims (Dkt. #129) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**
 **SIGNED this 8th day of January, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE